ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAKIM PUGH,

                                Plaintiff,       **<u>NOTICE OF MOTION</u>**

        -against-                  CV 01 0129 (ILG) (RML)

THE CITY OF NEW YORK, DETECTIVES STEVEN
CHMIEL AND LOUIS SCARCELLA AND
UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS,

                                Defendants.

------------------------------------------------------------------------ x

        **PLEASE TAKE NOTICE** that upon the annexed Memorandum of Law, dated

July 24, 2001; the Declaration of Eugene Sohn, dated July 24, 2001, and the exhibit annexed

thereto; and upon all papers and proceedings had herein, defendant City of New York will move

this Court, at the United States District Court for the Eastern District of New York, located at

225 Cadman Plaza East, Brooklyn, New York 11201, before the Honorable I. Leo Glasser,

United States District Judge, for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, dismissing the complaint, together with such other relief as this Court deems just and

proper, on the grounds that the complaint has failed to state a claim.

9

 

**PLEASE TAKE FURTHER NOTICE** that plaintiff's opposition papers, if any,

shall be served upon counsel for defendant on or before August 27, 2001, and

**PLEASE TAKE FURTHER NOTICE** that defendant's reply papers, if any,

shall be served upon plaintiff on or before September 10, 2001.

Dated: New York, New York
       July 24, 2001

> MICHAEL D. HESS
> Corporation Counsel of the
>   City of New York
> Attorney for Defendant City of
>   New York
> 100 Church Street, Room 6-120
> New York, New York 10007
> (212) 788-1177
>
> By: _____
>     Eugene Sohn (ES4241)
>     Assistant Corporation Counsel

To:   Thomas G. Sheehan, Esq.
      Cheda and Sheehan
      76-03 Roosevelt Avenue
      Jackson Heights, N.Y. 11372

Declaration of
Eugene Sohn

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JAKIM PUGH,

                                        Plaintiff,

                    -against-                              **DECLARATION OF**
                                                          **EUGENE SOHN**

THE CITY OF NEW YORK, DETECTIVES                          CV 01 0129 (ILG) (RML)
STEVEN CHMIEL AND LOUIS SCARCELLA
AND UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS,

                                        Defendants.

------------------------------------------------------------------------x

          **EUGENE SOHN**, an attorney duly admitted to practice in the State of New York

and before this Court, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that

the following statements are true and correct.

          1.     I am an Assistant Corporation Counsel in the office of Michael D. Hess,

Corporation Counsel of the City of New York, attorney for defendant City of New York.  As

such, I am familiar with the facts stated below and submit this declaration to place the relevant

documents on the record in support of defendant's motion to dismiss the complaint pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.

          2.     In support of its motion, defendant submits the exhibits described below:

          3.     Exhibit "A" is a copy of the Complaint.

Dated:      New York, New York
            July 24, 2001

                              MICHAEL D. HESS
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City of New York
                              100 Church Street, Room 6-120
                              New York, New York 10007
                              (212) 788-1177

By:                                   
                              Eugene Sohn (ES4241)
                              Assistant Corporation Counsel

Exhibit A

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

EASTERN ——————— DISTRICT OF —————— NEW YORK

JAKIM PUGH

## SUMMONS IN A CIVIL CASE

V.

THE CITY OF NEW YORK, DETECTIVES
STEVEN CHMIEL and LOUIS SCARCELLA
and UNIDENTIFIED NEW YORK CITY
POLICE OFFICERS,

CASE NUMBER:

# CV 01 0129

GLASSER, I.

LEVY, M.J.

TO: (Name and address of defendant)

CORPORATION COUNSEL
100 CHURCH STREET
NEW YORK, NY 10007

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

THOMAS G. SHEEHAN
CHEDA & SHEEHAN
76-03 ROOSEVELT AVENUE
JACKSON HEIGHTS, NY 11372

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court
within a reasonable period of time after service.

ROBERT C. HEINEMANN

APR 23 2001

CLERK

DATE

(BY) DEPUTY CLERK

CV 01 0129

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

01CV00129

----------------------------------------X

JAKIM PUGH,

COMPLAINT

                   Plaintiff,

CIVIL ACTION NO.

        -against-

THE CITY OF NEW YORK, DETECTIVES STEVEN
CHMIEL and LOUIS SCARCELLA and UNIDENTIFIED
NEW YORK CITY POLICE OFFICERS,

**JURY TRIAL DEMANDED**

                 Defendants.

----------------------------------------X

      The plaintiff, complaining of the defendants, by his attorney, THOMAS SHEEHAN, ESQ. of CHEDA & SHEEHAN, respectfully shows this Court and alleges:

      1. Jurisdiction is founded upon a Federal Question.

      2. This is an action to redress the deprivation under color of statute, ordinance, regulation, policy, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

      3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom, policy and usage of rights, privileges, and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

      4. That venue is proper pursuant to 28 U.S.C. § 1391 (b) (1&2).

      5. The matter in controversy exceeds, exclusive of interest

and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6.   That an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## PARTIES

7.   That the plaintiff, a black male, is a resident of Kings County, New York City and the State of New York.

8.   Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

9.   The New York City Police Department(NYCPD), is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, NYC, is responsible for the policies, practices and customs of the NYCPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers, civilian employees and is the final decision maker for that agency.

10. Upon information and belief, that at all times hereinafter mentioned, defendants DETECTIVES STEVEN "CHMIEL" and LOUIS SCARCELLA and UNIDENTIFIED POLICE OFFICERS were employed by

2

the defendant, CITY OF NEW YORK.

11.   This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, and the rights guaranteed by the Constitution and laws of the State of New York.

12.   Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, policies, regulations, customs, and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said State and City.

### STATEMENT OF FACTS

13.   The plaintiff on January 8, 1998 at about 8:00 AM near the intersection of Dumont and Grafton, Kings County, New York was unlawfully seized by defendants, UNIDENTIFIED NEW YORK CITY POLICE OFFICERS.   After the plaintiff was unlawfully stopped by the police, plaintiff was unlawfully assaulted, searched, handcuffed and arrested.   Plaintiff was physically assaulted, falsely charged with murder and unlawfully interrogated.   During the interrogation plaintiff was hit and threatened by the defendants.   Plaintiff JAKIM PUGH was imprisoned and brought to a police precinct and central booking.   Plaintiff JAKIM PUGH was forced to stay in jail until he was released for lack of evidence without appearing in

3

court on January 9, 1998. Defendants CHMIEL and SCARCELLA were responsible for the arrest and investigation of the plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF-VIOLATION
### OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
### FALSE ARREST AND UNLAWFUL SEARCH

14.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

15.  That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that plaintiff was falsely arrested by defendants.

16.  As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from unreasonable searches and seizures and the right to not be arrested without probable cause.

17.  That the said false arrest was caused by the defendants, their agents, servants and employees, without any legal justification and that the defendants confined the plaintiff, defendants intended to confine plaintiff, plaintiff was conscious of the confinement, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

18.  That the defendants conspired together to violate plaintiff's rights in that the individual defendants acted in concert to unlawfully violate plaintiff's rights in committing the

4

false arrest of the plaintiff.

19. That the said false arrest and unlawful search were caused by the defendants, without authority of law and without any reasonable cause.

20. That by reason of the unlawful arrest, plaintiff was subjected to illegal confinement, subjected to unlawful search, incurred harms, suffered mental anguish and he was otherwise injured.

21. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS
PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH
AMENDMENT VIA THE USE OF UNREASONABLE FORCE

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

23. That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that plaintiffs were unlawfully assaulted and taken into custody by defendants.

24. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' rights to be free of the use of unreasonable force.

5

25.  That the said assaults and batteries were caused by the defendants without authority of the law and without any legal justification.

26.  That by reason of the unlawful assaults and batteries, plaintiffs were subjected to physical pain, mental anguish, humiliation and various emotional harms.

27.  That by reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF-VIOLATION
OF THE PLAINTIFFS'S CONSTITUTIONAL RIGHTS UNDER
42 U.S.C. § 1983 VIA DEFENDANTS'
FAILURE TO PERFORM THEIR AFFIRMATIVE
DUTY TO INTERVENE

28.  Plaintiff repeats, reiterates and realleges each allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

29.  That on the above dates and times, the plaintiffs' rights were violated in that: the defendants had an affirmative duty to intervene (as do all law enforcement officials);  to protect the constitutional rights of the plaintiffs from infringement by the defendant law enforcement officers in their presence; the defendants failed to intercede to prevent preventable harms caused by other officers' actions; defendant officers observed and had reason to know that constitutional violations (Fourth and Fourteenth) had been and were being committed by the defendant law enforcement officials; and that there was a realistic opportunity

6

to intervene to prevent the harms from occurring; and therefor, the non intervening defendant officers are all liable to the plaintiffs.

30. That by reason of the violation of plaintiffs' rights, plaintiffs suffered physical injury and emotional harms and they were prevented from performing their daily business and that they were otherwise damaged.

31. That by reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENT BY DEFENDANT CITY OF NEW YORK-MONELL CLAIM

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

33. That the plaintiffs' rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendants, NYC and UNIDENTIFIED POLICE OFFICERS.

34. Defendants, NYC as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiffs' constitutional rights under the constitution and laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers concerning the

7

rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

35.    Defendants, NYC as well as UNIDENTIFIED POLICE OFFICERS, who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct which did cause the plaintiffs to be subjected to deprivations of their civil rights.

36.    Defendant NYC as well as UNIDENTIFIED POLICE OFFICERS, as a matter of policy and practice, have with deliberate indifference failed to sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers, including defendants in this case, to engage in unlawful conduct.

37.    That NYC has failed to train the defendants in the proper criteria to make an arrest and has failed to train the defendants in how to properly conduct an investigation.

38.    That the defendants have failed to train the defendants as to the existence and elements of the affirmative duty of a law enforcement officer to intervene to prevent the preventable violation of citizens' civil rights from being perpetrated by a fellow officer in his or her presence.

39.    That as a result of the above, the plaintiff's rights

8

have been violated and they incurred pecuniary, physical and emotional harms and was otherwise harmed.

40. That by reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AND
### FOURTEENTH AMENDMENT BY DEFENDANT OFFICERS
### WHO WERE SUPERVISORS

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

42. That the plaintiffs' rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendants who were supervisors of the defendant officers.

43. That the defendants who were supervisors created a policy or custom under which unconstitutional practices occurred, and allowed such a policy or custom to continue, including but not limited to:

-Allowing violent officers to retain their jobs;

-Allowing the arrests of innocent persons who have encounters with police officers;

-Failing to act to train the defendant individuals in the appropriate use of force;

-Failing to act to train the defendants in the appropriate criteria for when to arrest;

9

-Failing to discipline violent officers;

-Failing to train the defendants as to their affirmative duty to intervene.

44.   As a result of the above-mentioned actions and inactions by the defendants who were supervisors, the plaintiffs suffered deprivations of their Fourth and Fourteenth Amendment rights under the Constitution and were harmed.

45.   That by reason of the aforesaid, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff demands judgment against the defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the First Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Third Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS on the Fourth Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Fifth Cause of Action; and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all causes of action; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated:   January 9, 2001
         Queens, New York

_____
THOMAS SHEEHAN (TS-1345)

10

CHEDA & SHEEHAN
Attorney for Plaintiffs
76-03 Roosevelt Avenue
Jackson Heights, NY 11372
(718) 478-4868

## DECLARATION OF SERVICE BY MAIL

       I, Eugene Sohn, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 24, 2001, I caused to be served the Defendant's Notice of Motion and Declaration of Eugene Sohn to Plaintiff upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

       Thomas G. Sheehan, Esq.
       Cheda and Sheehan
       76-03 Roosevelt Avenue
       Jackson Heights, New York 11372


Dated:      New York, New York
           July 24, 2001

                                 Eugene Sohn

Appendix

## STANDARD OF REVIEW UNDER 12 (B)(6)

The Second Circuit has held that in deciding a motion pursuant to Rule 12(b)(6) a Court should consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transportation Local 504, 992 F.2d 12, 15 (2d Cir. 1993); see also International Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995). In doing so, the Court must accept the factual allegations of the complaint as true. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Moreover, a court should dismiss when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). The court must merely determine whether the complaint itself is legally sufficient. See Goldman, 754 F.2d at 1067.

## POINT I

## PLAINTIFF'S FALSE ARREST AND EXCESSIVE FORCE CLAIMS RELATING TO HIS JANUARY 8, 1998 ARREST SHOULD BE DISMISSED AS TIME BARRED.

Plaintiff's claims under 42 U.S.C. § 1983 for false arrest and excessive force relating to his January 8, 1998 arrest should be dismissed because they are time-barred. The statute of limitations applicable to § 1983 claims is three years. Owens v. Okure, 488 U.S. 235 (1989); see also Lewis v. the New York City Police Department, 2000 U.S. Dist. LEXIS 69, *5 (Jan. 5, 2000)[3] (stating that statute of limitations for false arrest and excessive force claims is three years). A § 1983 claim accrues at the time the plaintiff knows or has reason to know of the injury which is the basis of his action. Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981). "[A] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." McCure v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988), citing Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984). A section 1983 claim for false arrest and false imprisonment will accrue on the date of the alleged false arrest. See Bezerra v. County of Nassau, 846 F. Supp. 214, 218-19 (E.D.N.Y. 1994) (citations omitted); see also Covington v. City of New York, 1998 U.S. Dist. LEXIS 6283, *5-6 (S.D.N.Y. May 4, 1998 ) ("The Statute of Limitations for §1983 claims relating to false arrest and false imprisonment generally accrues at the time of arrest.") citing Murphy v. Lynn, 53 F.3d 547, 548 n.1 (2d Cir. 1995).

In the case at bar, plaintiff's false arrest and excessive force claims relating to his January 8, 1998 arrest accrued on January 8, 1998. See Complaint at ¶13, Exhibit "A." Thus,

---

[3] Copies of all Lexis-cited cases are annexed as an Appendix to this Memorandum of Law.

4

plaintiff was required to have filed his complaint with respect to his January 8, 1998 false arrest and excessive force claims with the Court by January 8, 2001.   However, plaintiff commenced this action on or about January 9, 2001, one day after the three-year statute of limitations period had expired.  Therefore, plaintiff's false arrest and excessive force claims relating to his January 8, 1998 arrest are time-barred and should, accordingly, be dismissed.

### POINT II

### ANY CLAIM OF MALICIOUS PROSECUTION BROUGHT BY PLAINTIFF SHOULD BE DISMISSED.

A plaintiff may bring a malicious prosecution claim under §1983, as well as separately assert a state malicious prosecution claim.  Section 1983 claims are governed by the state law of malicious prosecution.  See Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989).  To sustain a §1983 claim based on malicious prosecution, a plaintiff must demonstrate conduct by the defendant that is tortious under state law and that results in a constitutionally cognizable deprivation of liberty.  See Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1998).

In order to state a claim for malicious prosecution, a plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions."  Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997) (quoting Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)); see Broughton v. State, 37 N.Y.2d 451, 458, cert denied, 423 U.S. 929 (1975). See also Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991).

Here, there was no initiation or continuation of criminal proceedings against plaintiff following his January 8, 1998 arrest.  In fact, plaintiff readily admits that plaintiff "was

released for lack of evidence without appearing in court on January 9, 1998." See Complaint at

¶13.  Moreover, because there was no initiation or continuation of a criminal proceeding against

plaintiff following plaintiff January 8, 1998 arrest, there could not have been a termination of

any proceeding in plaintiff's favor.

In addition, plaintiff fails to allege that any City official had actual malice.

Malice, for purposes of a malicious prosecution claim, is evidence that the defendant

commenced a criminal prosecution for an improper motive, "something other than a desire to see

the ends of justice served." Nardelli v. Stamberg, 44 N.Y.2d 500, 503, 406 N.Y.S. 2d 443

(1978); see also Lee v. Edwards, 101 F.3d 805 (2d Cir. 1996) (holding same under analogous

Connecticut case law).

Plaintiff has failed to plead that defendant or any other City actor possessed actual

malice.  Consequently, for the reasons set forth above, this Court should dismiss any claim of

malicious prosecution brought by plaintiff.

## POINT III

### PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY.

In the context of a Section 1983 claim, a conspiracy is a combination of two or

more persons acting in concert to commit an unlawful act, where those persons agree to inflict an

injury upon another and where there is an overt act resulting in damage.  See Hampton v.

Hanrahan, 600 F.2d 600, 620-621 (7th Cir. 1979), rev'd in part on other grounds, 446 U.S. 754

(1980) (per curiam).  Allegations of conspiracy must be plead in some detail.  Indeed, the courts

in this Circuit have held that vague and conclusory allegations of conspiracy cannot withstand a

motion to dismiss.  See, e.g., Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir.), cert. denied, 464

U.S. 857 (1983) ("A complaint containing only conclusory, vague, or general allegations of

6

conspiracy to deprive a person, of constitutional rights cannot withstand a motion to dismiss");

Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir 1977) ("complaints containing only 'conclusory,'

'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will

be dismissed").

Here, plaintiff has not only failed to allege any facts supporting a claim of

conspiracy, but his claim that City officials conspired to violate his constitutional rights is

without merit. Unquestionably, plaintiff cannot maintain a conspiracy claim simply because he

is unhappy with the nature of the judicial criminal process. Plaintiff's conspiracy claim should,

thus, be dismissed.

## POINT IV

### THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE CITY OF NEW YORK.

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a person

acting under color of state law committed acts that deprived plaintiff of a right, privilege or

immunity guaranteed by the Constitution or the laws of the United States. Parratt v. Taylor, 451

U.S. 527, 535 (1984). In order to hold a municipality liable as a "person" within the meaning of

42 U.S.C. § 1983, the plaintiff must establish that the municipality was somehow at fault. City of

Oklahoma City v. Tuttle, 471 U.S. 808, 810, reh'g denied, 473 U.S. 925 (1985); Monell v.

Department of Social Services, 436 U.S. 658, 690-691 (1978). Therefore, in order to establish

municipal liability, plaintiff must demonstrate that an identified municipal policy, practice or

custom was the "moving force [behind] the constitutional violation." Sarus v. Rotundo, 831 F.2d

397 (2d Cir. 1987) (quoting Monell, 436 U.S. at 694); Vippolis v. Village of Haverstraw, 768

F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) (citing City of Oklahoma City v.

Tuttle, 471 U.S. at 824 n.8) (plaintiff must establish causal connection between the policy and the deprivation of the constitutional right).

Here, because plaintiff's claims that his constitutional rights were violated are time-barred and/or insufficiently plead, plaintiff's claims that a custom, policy or practice promulgated by defendant City of New York was the cause of the alleged constitutional violations are nullified.

Moreover, municipal liability cannot be "predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F. 2d 911, 918 (9th Cir. 1996), cert denied, 520 U.S.1117, 117 S.Ct. 1249 (1997). See also, Oklahoma City v. Tuttle, 471 U.S. at 823-4 ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.").

Here, plaintiff has failed to identify a viable municipal policy, practice or custom that resulted in the violation of his constitutional rights. Monell, 436 U.S. at 690-691. Without a specific policy or practice to point to, the municipality cannot be held liable under 42 U.S.C. §1983. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Monell 436 U.S. at 694-695 (municipal liability under 42 U.S.C. §1983 required plaintiff to prove that a municipal policy, practice or custom directly caused a constitutional violation). Therefore, plaintiff has failed to state or otherwise establish the existence of a claim under which relief can be granted against the City of New York.

Even assuming that plaintiff can point to the existence of such a policy, practice or custom, plaintiff cannot show that they are the "moving force" behind the alleged violation of his constitutional rights.  Thus, plaintiff's claim for municipal liability under 42 U.S.C. §1983 against the City of New York must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant defendant's motion to dismiss the complaint, together with costs, fees, and such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             July 24, 2001

                        MICHAEL D. HESS
                        Corporation Counsel
                        Attorney for Defendant City of New York
                        100 Church Street, Room 6-120
                        New York, New York 10007
                        (212) 788-1177

By:                _____
                        Eugene Sohn (ES4241)
                        Assistant Corporation Counsel

Appendix

9



## DECLARATION OF SERVICE BY MAIL

I, Eugene Sohn, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 24, 2001, I caused to be served the Defendant's' Memorandum of Law in Support of Its Motion to Dismiss the Complaint to Plaintiff upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

> Thomas G. Sheehan, Esq.
> Cheda and Sheehan
> 76-03 Roosevelt Avenue
> Jackson Heights, New York 11372

Dated:       New York, New York
             July 24, 2001

_____
Eugene Sohn